TANKERSLEY INV. CO. ex rel. TANKERSLEY et al. v. R. H. SIEGFRIED CO. et al.

No. 32147. Jan. 24, 1950.

*214 P. 2d 232.*

Cantrell, Carey & McCloud and Edward M. Box, all of Oklahoma City, for plaintiffs in error.

Dudley, Duvall & Dudley, Looney, Watts, Ross, Looney & Smith, and Cruce, Satterfield & Grigsby, all of Oklahoma City, and Hudson & Hudson, of Tulsa, for defendants in error.

LUTTRELL, J. R. H. Siegfried Company brought an action in the district court of Tulsa county against Tankersley Investment Company, to collect a debt which it alleged was due and unpaid. In that action a receiver was appointed for Tankersley Investment Company. Thereafter Earl Tankersley, claiming to be the owner of one-half of the corporate stock of Tankersley Investment Company, by leave of court, intervened and defended on behalf of the company. After a hearing on the question the trial court found and adjudged that Earl Tankersley was the owner of one-half of the stock of Tankersley Investment Company.

Thereafter Earl Tankersley, pending a hearing on an application made by him to discharge the receiver, filed in the district court of Tulsa county an application, as such stockholder, for leave to intervene on behalf of Tankersley Investment Company in an action pending in the district court of Oklahoma county, styled Dan Tankersley et al. v. M. E. Trapp, alleging in said motion the refusal of the receiver to intervene in said action, and that intervention by him was necessary to protect the interest of Tankersley Investment Company in said action. This motion for leave to intervene was by the district court of Tulsa county denied, and Tankersley Investment Company, by Earl Tankersley, and Earl Tankersley, individually, appeal.

In Tankersley Investment Co. v. Tankersley Investment Co., 202 Okla. 51, 210 P. 2d 167, we held that the judgment of the trial court that Earl Tankersley was the owner of one-half of the corporate stock of Tankersley Investment Company was erroneous, and that Dan Tankersley was the sole owner of the stock of that corporation, and reversed the judgment of the lower court as to the stock ownership. Under

the holding in that case Earl Tankersley had no interest in Tankersley Investment Company, and therefore had no right to intervene on behalf of said company in the action or proceeding in Oklahoma county. It follows that the trial court did not err in denying his motion for leave to intervene.

Affirmed.